## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | | |
|---|---|---|
| Joseph L. Houston, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:23-cv-03196-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Brad Duckett, Andrew Lyons, | ) | |
| Heather Kelly, and | ) | |
| Cody Painter, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Joseph L. Houston, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). At the time of the filing of the Complaint, Plaintiff was a pretrial detainee at the Cherokee County Detention Center. *See id.* at 1 (showing Plaintiff was presently detained at the detention center in Gaffney, South Carolina). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On July 26, 2023, the magistrate judge issued an order addressing several deficiencies in Plaintiff's proposed service documents and giving Plaintiff an additional twenty-one days to cure the deficiencies. (ECF No. 5). The order warned Plaintiff that failure to bring the case into proper form as described in the order could result in his case being dismissed for failure to prosecute and failure to comply with court orders. *Id.* at 2.

Plaintiff returned a document in response to the July 26, 2023 order. (ECF No. 11). On September 5, 2023, the magistrate judge issued a second order addressing remaining deficiencies in Plaintiff's proposed service documents. (ECF No. 15). The magistrate judge gave Plaintiff ten days to cure the deficiencies. *Id.* at 2. Plaintiff again returned several documents in response. (ECF Nos. 19, 22). However, on September 29, 2023, the magistrate judge issued a "Third and Final

Proper Form Order" indicating that Plaintiff had still failed to sign and date his service documents as instructed and giving Plaintiff an additional ten days to cure the deficiencies noted. (ECF No. 24). Plaintiff returned additional service documents in response. (ECF No. 26). Though Plaintiff did date the service documents, he did not sign them as instructed. *See* (ECF No. 26-1 at 1–4) (showing signature line as blank).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this action without prejudice, without leave to amend, and without issuance and service of process pursuant to Rule 41 of the Federal Rules of Civil Procedure. (ECF No. 31). In the alternative, the Report indicates the Complaint is subject to dismissal for failure to state a claim. *Id.* at 8. The Report notified Plaintiff of his right to file specific objections to the Report, *id.* at 9, and Plaintiff filed timely objections to the Report, (ECF No. 33). Accordingly, this matter is now ripe for review.

## BACKGROUND

According to the Complaint, Plaintiff contends he was falsely arrested and that the named defendants violated his Fifth and Eighth Amendment rights. (ECF No. 1 at 3). As the factual basis for these claims, Plaintiff simply attached the police report from the incident, (ECF No. 1-1), and directed the court to "see attached statements by defendants[.]"*Id.* at 4. He contends that "Defendants used guns and had no body cameras on while falsely arresting" him and that he was "never seen by medical but was beaten by Defendants that had no body cameras" and "sustained injuries all over [his] body." *Id.* at 3–5. The police report, which Plaintiff attached to his Complaint, indicates that Plaintiff was arrested following a "high speed chase" involving a stolen U Haul truck, wherein officers stopped the truck using spike strips and then arrested Plaintiff, who was driving the truck, "without incident." (ECF No. 1-1 at 1–3). Four of the officers provided an

"Affidavit for Failure to Produce Body Camera Footage." (ECF No. 1-1 at 4–7). Plaintiff seeks monetary damages for his alleged injuries. (ECF No. 1 at 5).

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious

case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## DISCUSSION

As noted by the magistrate judge in his Report, it is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)). In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
> (2) the amount of prejudice to the defendant caused by the delay;
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted). These four factors "'are not a rigid four-

pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)).

The magistrate judge determined that in this case, the Rule 41(b) factors weigh in favor of dismissal. (ECF No. 31 at 5). Specifically, the magistrate judge noted that despite several opportunities, Plaintiff has failed to bring his case into proper form. *Id*. He indicated that "despite being provided instructions on how to complete a proposed summons and Forms USM 285 to allow the United States Marshal Service to effectuate service on the defendants (if authorized), the plaintiff ignored those instructions on three occasions and did not submit completed service documents for any of the defendants." *Id.* As noted by the magistrate judge, by not returning the completed forms, Plaintiff failed to comply with the court's orders at docket entries 5, 15, and 24. *Id.* Each of those orders warned Plaintiff that failure to comply could result in dismissal of his case pursuant to Fed. R. Civ. P. 41(b). (ECF Nos. 5 at 2; 15 at 1; 24 at 1). As Plaintiff is proceeding *pro se*, he is personally responsible for his failure to comply with the proper form orders.

In the alternative, the magistrate judge indicated that the Complaint is subject to dismissal for failure to state a claim upon which relief can be granted. (ECF No. 31 at 6–8). The magistrate judge indicated that the "[C]omplaint contains few allegations" beyond simply attaching the police report associated with Plaintiff's arrest. *Id.* at 6. He further noted that besides the police report, "[D]efendants do not appear in the [P]laintiff's [C]omplaint beyond the caption and being named as [D]efendants" and it is "unclear in what capacity these [D]efendants were involved in the [P]laintiff's alleged constitutional deprivations." *Id.* at 6. Finally, as to any claim of false arrest, the magistrate judge observed that a state grand jury returned indictments related to the challenged arrest, and these indictments "act as a bar to the plaintiff's Fourth Amendment false arrest claim." *Id.* at 8.

5

In his objections, Plaintiff generally objects to his case being dismissed for failure to bring the case into proper form "while in the process of seeking private counsel to pick up this case."[1] (ECF No. 33). Furthermore, Plaintiff's objections include several requests to amend his Complaint. In particular, Plaintiff requests to add additional parties, assert additional damages, and provide documents he says were "missing out of this Complaint." (ECF No. 33). He also attempts to clarify that he is suing the officers in their official capacities. *Id.* at 1.

However, nowhere in his objections does Plaintiff explain his failure to comply with the court's prior orders, nor does he request an additional extension in which to do so. To date, over a year after Plaintiff was warned it was his final chance to comply, Plaintiff still has not provided the court with signed, dated service forms as instructed. Plaintiff has now had ample opportunity to cure his deficiencies, using the detailed instructions provided by the court in each of the three proper form orders, and he has failed to do so. Because Plaintiff has still not complied with the court's orders, his case is subject to dismissal pursuant to Fed. R. Civ. P. 41(b).[2] To the extent Plaintiff objects to such dismissal, his objections are overruled.

---

[1] Notably, no such private counsel has appeared in this case, despite some time having passed.

[2] In the alternative, the court agrees with the magistrate judge that Plaintiff's case is subject to dismissal for failure to state a claim. Though Plaintiff proposes various amendments to his Complaint within his objections, these proposed amendments do not cure all the deficiencies noted in the Report. Plaintiff has still failed to provide any factual allegations linking any Defendant to the alleged harms, and he continues to rely almost entirely on the police report to describe the factual basis for his claims. While he contends that the officers assaulted him and "used their guns," he does not describe which officers assaulted him, how the assault took place, what injuries he sustained, or any other link between the officers and the alleged violations of his constitutional rights. As for false arrest, Plaintiff's objections attempt to explain why he believes that legally he cannot be found guilty of his criminal charges in state court. (ECF No. 33 at 2–3). However, the court takes judicial notice of Plaintiff's state prosecutions and notes that on March 21, 2024, he pled guilty to one of the two indictments that arose from the facts stated in the police report attached to his complaint. See Cherokee County Seventh Judicial Circuit Public Index, Search "First        Name:        Joseph,        Last        Name:        Houston", https://publicindex.sccourts.org/Cherokee/PublicIndex/CaseDetails.aspx?County=11&CourtAge ncy=11001&Casenum=2022A1110200263&CaseType=C&HKey=11110788113718973481148

**CONCLUSION**

Based on the foregoing, the court **ADOPTS** the Report (ECF No. 31) and incorporates it herein by reference.  This action is **DISMISSED** without prejudice, without leave to amend, and without issuance and service of process pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Clerk shall mail a copy of this Order to Plaintiff at his last known address provided to the court.[3]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 7, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

4657611650121117537953101867778741056643100571225799541218297112481011104555365 (last visited March 3, 2025). Accordingly, as Plaintiff's proposed amendments would not cure the deficiencies noted in the Report, to the extent Plaintiff's objections could be liberally construed as a motion to amend his Complaint, the court denies such request.

[3] Plaintiff has provided no update on his address since fall of 2023, prior to the close of his state court proceedings. However, it is Plaintiff's responsibility to keep the court informed of any updates to his address, as Plaintiff has been warned in all three proper form orders. (ECF Nos. 5, 15, 24). The Cherokee County Detention Center is the only address the court has on file for Plaintiff, as that is all that has been provided.